IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIREN LEWIS,

                            Plaintiff,                            OPINION AND ORDER

    v.

                                                                 21-cv-746-wmc

GREAT LAKES EDUCATIONAL
LOAN SERVICES,

                            Defendant.

---

*Pro se* plaintiff Siren Lewis contends that defendant Great Lakes Educational Loan Services ("Great Lakes") falsely stated that Lewis had a debt with Great Lakes and refused to stop trying to collect the debt when Lewis disputed it. Lewis asserted violations of the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act, the Fair Credit Reporting Act ("FCRA"), and several criminal provisions. The court allowed Lewis to proceed on FDCPA claims against Great Lakes, but dismissed Lewis's other claims and defendants. (Dkt. #4.)

This order addresses four motions before the court. Great Lakes has moved to dismiss the complaint with prejudice (dkt. #10), contending that the FDCPA does not apply to it because it is not a "debt collector" under the statute. In response, Lewis has filed a motion for reconsideration of the court's screening order with respect to the dismissal of her FCRA claim. (Dkt. #16). Lewis has also filed a motion for leave to amend her complaint and a proposed amended complaint seeking to add a fraud claim. (Dkt. ##20, 20-1.) The court will not accept the proposed amended complaint as the operative pleading. Instead, the court will grant defendant's motion in part, dismissing the complaint

but allowing Lewis one final opportunity to file an amended complaint. Finally, Lewis has filed a motion for summary judgment (dkt. #17) and requests summary judgment in her response to the motion to dismiss (dkt. #18 at 3-4). The court will deny these requests as premature.

ALLEGATIONS OF FACT[1]

This case concerns a federal student loan. In July 2021, Lewis notified Great Lakes that she was "not participating in the alleged debt" and asked for proof of the debt. (Dkt. #1 at 2.) Lewis also sent Great Lakes evidence that she did not owe the debt, which Great Lakes failed to rebut. Yet Great Lakes continued to communicate with Lewis via text and mail about the debt, and it reported the alleged debt to the three major credit bureaus. Consequently, Lewis was denied credit and incurred monetary losses.

OPINION

I. Motion to dismiss (dkt. #10)

Great Lakes moves to dismiss Lewis's FDCPA claims. (Dkt. #10.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] The court draws the following facts from Lewis's complaint. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all the of the well-pleaded facts in the complaint and draw[s] all reasonable inference in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted).

(2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Lewis is proceeding on claims that Great Lakes violated the FDCPA by communicating with her after she notified Great Lakes that she refused to pay the debt, and by failing to communicate to the three major credit bureaus that Lewis disputed the debt. (Dkt. #4 at 2-3.) Great Lakes contends that Lewis "has alleged no facts—or even conclusory allegations—that would allow this Court to reasonably conclude that [Great Lakes] is a debt collector subject to the FDCPA." (Dkt. #11 at 4.) Great Lakes adds that the dismissal should be with prejudice because courts "have recognized [that Great Lakes] is a student loan servicer," and "student loan servicers . . . are not debt collectors under the FDCPA." (*Id.* at 5-6.)

As Great Lakes notes, the FDCPA "applies only to debt collectors." *Neff v. Cap. Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003). Relevant here, the FDCPA defines a "debt collector" as a person whose principal business "is the collection of any debts" or who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). A student loan servicer that acquires the plaintiff's debt before the plaintiff's default is not a debt collector under the FDCPA. *See, e.g., Weber v. Great Lakes Educ. Loan Servs., Inc.*, No. 13-cv-291-wmc, 2014 WL 1683299, at *6 (W.D. Wis. Apr. 29, 2014); *Goodman v. Coronado Student Loan Tr.*, No. CV 21-2648 (JRT/LIB), 2022 WL 4000223, at *2 (D. Minn. Sept. 1, 2022) ("Many courts have held that a student loan servicer who begins servicing the loans prior to default is not

3

a debt collector for FDCPA purposes."). Thus, a plaintiff's failure to allege facts suggesting that the loan was in default when the servicer acquired it may be "fatal" to an FDCPA claim. *See Mungo-Craig v. Navient Sols., Inc.*, No. 5:17-cv-5-bo, 2017 WL 3037566, at *3 (E.D.N.C. July 18, 2017); *see also Edmond v. Am. Educ. Servs.*, No. CIV.A. 10-0578 JDB, 2010 WL 4269129, at *5 (D.D.C. Oct. 28, 2010) ("Absent an allegation that plaintiff's loan was in default when [the loan servicer] acquired it, [the loan servicer] is not a debt collector and thus is not subject to the FDCPA.").

Lewis has not alleged that Great Lakes' principal business is the collection of debts or that Great Lakes regularly collects or attempts to collect debts owed or due or asserted to be owed to another. (*See* dkt. #1 at 2-3.) Nor does Lewis allege that the loan was in default when Great Lakes acquired it, and her conclusory allegations do not reasonably support this inference. Her bare assertions that Great Lakes communicated with her about an allegedly false debt and reported it to the major credit bureaus do not reasonably support this inference. *See id.*; *cf. Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (the mere acquisition of a debt from another entity does not mean that the acquirer is a debt collector under the Act). Indeed, the Seventh Circuit has stated that Great Lakes is a student "loan servicer[,]" *see Nelson v. Great Lakes Educ. Loan Servs., Inc.*, 928 F.3d 639, 643 (7th Cir. 2019), and several courts have reached the same conclusion, (*see* dkt. #11 at 6). Because Lewis's allegations do not support a reasonable inference that Great Lakes is a debt collector under the FDCPA, she has failed state an FDCPA claim against Great Lakes. Although the court reached a contrary conclusion in its screening order, that initial determination does not stop the court from granting a later motion to

4

dismiss under Rule 12(b)(6). *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 801 (N.D. Ill. 2014).

In her response, Lewis has not disputed that Great Lakes is a student loan servicer, nor does she dispute that she failed to allege that Great Lakes acquired the debt while the loan was in default. Her position is she does not bear the burden to allege such facts. (Dkt. #18-1 at 2.) But Lewis's allegations in her complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Lewis's conclusory allegations that Great Lakes communicated with her about an allegedly false debt and reported it to the major credit bureaus do not meet this standard, especially because: (1) the Seventh Circuit and other courts have recognized Great Lakes as a student loan servicer; and (2) Lewis does allege that the loan was in default when Great Lakes acquired it.

Lewis also contends that Great Lakes is a third party collecting for the U.S. Department of Education. (Dkt. #18-1 at 2.) But, as discussed, the mere allegation that Great Lakes acquired the debt from another party does not make it a debt collector under the FDCPA. Lewis's other arguments are irrelevant and conclusory.

The court will therefore dismiss the complaint, but as explained below it will allow Lewis to file an amended complaint. Great Lakes contends that leave to amend is improper because several decisions have stated that Great Lakes is a student loan servicer, "and student loan servicers . . . are not debt collectors under the FDCPA." (Dkt. #11 at 6.) But the cases concluding that student loan servicers are not debt collectors under the FDCPA have primarily turned on the plaintiff's failure to plead or prove that the loan was in default

when the student loan servicer acquired it. Great Lakes has yet to show that a student loan servicer, irrespective of its actions, can never be a debt collector under the FDCPA. Lewis thus deserves one final chance to clarify the factual basis for her FDCPA claim against Great Lakes. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) ("IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend."); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.").

**II. Motion for reconsideration (dkt. #16) and motion for leave to amend (dkt. #20)**

Relatedly, Lewis asks the court to reconsider its screening order and seeks leave to amend her complaint. In her reconsideration motion, Lewis seeks to reinstate her claim against Great Lakes for violating the FCRA by inadequately investigating Lewis's dispute of her debt and to add Equifax and Transunion as defendants and to proceed on FCRA claims against them. She separately asks to amend her complaint and has submitted a proposed amended complaint alleging fraud claims against "Great Lakes and Affiliates." (Dkt. #20-1.) The court will not accept Lewis's proposed amended complaint.

Beginning with Lewis's reconsideration motion, "[m]otions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.

1987). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Id.*

The court did not allow Lewis to proceed on a FCRA claim because she did not allege that she filed a dispute with a major credit bureau about Great Lakes' information, or that a major credit bureau notified Great Lakes of any such dispute. Lewis now contends that she has "disputed the fraudulent information reported by Great Lakes" with Equifax. (Dkt. #16 at 2.) But Lewis did not so allege in her complaint. Lewis has therefore not identified any error of law, much less a manifest one, in the court's screening order. *See Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017) (screening under 28 U.S.C. § 1915(e)(2) tests the legal sufficiency of the complaint's allegations). Lewis also suggests that Equifax's response to her dispute is newly discovered evidence. But screening tests the legal sufficiency of the complaint's allegations, so Lewis's failure to submit this evidence earlier did not cause the dismissal of her complaint. Lewis has not shown a basis for the court to reconsider its screening order.

In fairness, the court may construe the motion for reconsideration as a motion for leave to amend the complaint. *See Burgess v. Hoem*, No. 18-cv-527-jdp, 2019 WL 1051012, at *1 (W.D. Wis. Mar. 5, 2019); *see also* Fed. R. Civ. P. 15(a)(1)-(2) (to amend a complaint 21 days after service of a motion to dismiss, a party must seek leave of the court). The court must "freely give" leave to amend, Fed. R. Civ. P. 15(a)(2), and *pro se* litigants generally deserve at least one chance to amend a deficient complaint, *see Luevano*, 722 F.3d

at 1024. "The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration adopted).

Because the court has already decided to allow Lewis to file an amended complaint, it is appropriate to grant the construed motion for leave to amend on that basis. But the court will not accept Lewis's proposed amended complaint alleging fraud as the operative pleading. Lewis merely asserts that "Great Lakes and Affiliates" are "operating fraudulently in the state of Texas" and that she disputes the debt, and she references a document that sheds no light on the matter of fraud. (Dkt. #20-1.) The proposed amended complaint does not include her original allegations and regardless lacks sufficient allegations to provide fair notice of the factual basis of the fraud claims, which must be stated with particularity. *See* Fed. R. Civ. P. 9(b) (a party must "state with particularity the circumstances constituting fraud or mistake"). Accordingly, the court will deny Lewis's motion for leave to amend without prejudice.

In drafting her amended complaint, Lewis may, if she wishes, add Equifax and Transunion as defendants and allege the facts that she believes show acts of fraud and that Great Lakes, Equifax, and Transunion violated the FCRA. Lewis should also remember to do the following:

- Carefully consider whether she is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.

- Identify by full name all the individuals or entities she wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims she wishes

8

to assert.

Lewis must file an amended complaint that corrects the deficiencies identified in this order by the deadline indicated below. The court will then screen the complaint. If Lewis fails to comply, the court will dismiss this lawsuit.

### III. Requests for summary judgment

Finally, Lewis moves for summary judgment (dkt. #17), and requests summary judgment in her response to the motion to dismiss (dkt. #18 at 3-4). The court will deny these requests without prejudice as premature because the court has yet to enter a scheduling order. If Lewis files an amended complaint that survives screening, the court will schedule a telephonic preliminary pretrial conference at which it will discuss with Lewis processes related to obtaining discovery and filing dispositive motions.

### ORDER

IT IS ORDERED that:

1) Defendant's motion to dismiss (dkt. #10), is GRANTED in part, and the complaint, (dkt. #1), is DISMISSED without prejudice.

2) Plaintiff's motion for reconsideration (dkt. #16), is GRANTED as specified in this order.

3) Plaintiffs' requests for summary judgment (dkt. ##17, 18 at 3-4), are DENIED without prejudice as premature.

4) Plaintiff's motion for leave to amend (dkt. #20) is DENIED without prejudice.

5) Plaintiff must file an amended complaint that corrects the above deficiencies on or before **March 9, 2023**.

6) Plaintiff must file her amended complaint on the court's nonprisoner complaint form, which the court will send her with this order. Plaintiff must fill out the form completely.

7) The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

8) If plaintiff fails to comply with this order, the court will dismiss the case.

9) The clerk of court is directed to provide plaintiff with copies of this order and the court's nonprisoner complaint form.

Entered this 9th day of February, 2023.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge