IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIREN LEWIS,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

ORDER

Case No. 21-cv-746-wmc

---

Plaintiff Siren Lewis, who represents herself, filed this lawsuit originally against Great Lakes Educational Loan Services and was later granted leave to proceed with an amended complaint asserting claims under the Fair Credit Reporting Act against three credit bureaus. (Dkt. #36.) The only remaining defendant, Experian Information Solutions, Inc. ("Experian"), filed a motion to compel Lewis to cooperate with discovery after she refused to appear for a deposition. (Dkt. #99.)

On June 4, 2024, the court ordered Lewis to cooperate with discovery by appearing for a deposition before June 14, 2024. (Dkt. #102). The court also ordered Lewis to show cause why her ongoing failure to cooperate should not be sanctioned under Federal Rule of Civil Procedure 37. (*Id*.) In particular, the court warned Lewis that her continued failure to comply with defendant's legitimate discovery requests would result in the dismissal of this case under Federal Rule of Civil Procedure 41(b).

Lewis has not only failed to respond to the order to show cause, but Experian has now filed a motion to dismiss or alternative motion for monetary sanctions due to plaintiff's continued failure to cooperate with discovery. (Dkt. #106.) The court ordered Lewis to respond to that motion no later than July 15, 2024, showing cause why sanctions should not

be imposed, including dismissal for failure to comply with this court's multiple orders. (Dkt. #110.) Again the court warned Lewis that her case against Experian would be dismissed pursuant to Rule 41(b) if she failed to respond. Still, Lewis has failed to respond.

Failure to comply with discovery constitutes a ground for dismissal of an action. *Tennant v. Heckel*, 151 F.R.D. 100, 101 (E.D. Wis. 1993). The fact that plaintiff is proceeding pro se does not relieve her of obligations to obey court orders and to comply with the Federal Rules of Civil Procedure. *Id*. at 101-02. Lewis has shown a lack of good faith by refusing to cooperate with discovery. She has disregarded court orders and ignored multiple warnings that her case would be dismissed if she did not respond. Moreover, because Lewis is proceeding in forma pauperis, a lesser sanction such as a fine or the imposition of costs is not likely to be effective. *Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014); *Donelson v. Hardy*, 931 F.3d 565, 570 (7th Cir. 2019). Accordingly, the court will grant Experian's motion and dismiss this case under Rule 41(b).

## ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss (dkt. #106) is GRANTED.
2. This case is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).
3. All other pending motions are MOOT.

Entered this 19th day of July, 2024.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge